UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Gamache, | ) C/A No. 6:11-00573-HFF-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| The United States of America, | ) |
| | ) |
| Defendant. | ) |

The Plaintiff, Gregory Gamache (Plaintiff), proceeding *pro se*, brings this civil action against the United States of America, seeking "immediate passage of a United States federal law, protecting its citizens from the use of electronic weapons."[1] ECF No. 1, page 2. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

This action is one of three complaints filed by Plaintiff in this Court regarding the use of electronic weapons.[2] The instant Complaint claims that "United States federal lawmakers have refused to pass laws that would protect their citizens from the use of electronic weapons." ECF No. 1, page 2. Such electronic weapons allegedly "operate from a distance, you turn them on, point them at someone, and they emit a signal that injures people." *Id.* Plaintiff claims that the "devices can be bought in stores, on the internet and on ebay. They are cheap, some cost only 30 dollars." *Id.* Plaintiff states that he is "merely seeking the protection of the citizens of the United States," and seeks a "court order for the immediate passage of a United States federal law" to protect citizens "from the use of electronic weapons." *Id.* Plaintiff discusses how such a federal law should be crafted and

---

[2] *See Gregory Gamache v. The State of South Carolina*, C/A No. 6:11-00566-HFF-JDA (D.S.C.); *Gregory Gamache v. Federal Bureau of Investigation, et al.*, C/A No. 6:11-604-HFF-JDA (D.S.C.).

recommends that Federal Communications Commission (FCC) equipment be used to detect and locate "where frequencies are coming from . . . when this law is broken." *Id.* at 3.

## Discussion

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts

3

supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. As discussed below, the allegations contained in the Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction. First, Plaintiff does not invoke diversity jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000). Further, Plaintiff seeks "passage of a United States federal law" as the only form of relief. As Plaintiff provides no indication that he seeks any monetary damages, much less an amount in controversy in excess of $75,000, the instant action does not meet the requirements for diversity jurisdiction.

Second, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not contain any reference to an alleged violation of a federal statute or constitutional provision by the Defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. Instead, Plaintiff complains of a lack of federal laws or statutes regulating the usage of electronic weapons. As Plaintiff does not satisfy the requirements for diversity jurisdiction,

and has not presented this Court with a basis for federal question jurisdiction, the instant Complaint should be summarily dismissed.

While Plaintiff offers no jurisdictional basis for this Complaint, it is possible that Plaintiff's allegations against the United States of America could be liberally construed as an action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  *Bivens* is the case which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.  *See Carlson v. Green*, 446 U.S. 14,18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).   However, "[w]hile *Bivens* actions allow for recovery of money damages against federal officials . . .*Bivens* does not allow for recovery of money damages, or suits in general, against the government itself." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999).  Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent.  *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)(declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998)(federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit).  "Because the United States has not waived sovereign immunity in suits claiming constitutional torts," Defendant United States of America is protected from any claim Plaintiff may be asserting pursuant to *Bivens*. *Reinbold*, 187 F.3d at 566 n.7.

In addition, Plaintiff provides no factual information to indicate a violation of his own constitutional rights.  Instead, the instant action seeks "the protection of the citizens of the

5

United States." ECF No. 1, page 2. "To obtain a ruling on the merits in federal court a plaintiff must assert more than just the generalized interest of all citizens in constitutional governance." *Arizona Christian School Tuition Organization v. Winn*, - - - S.Ct. - - - -, Nos. 09-987, 09-991, 2011 WL 1225707 at *1 (U.S. April 4, 2011)(citation and internal quotation omitted). Thus, Plaintiff's general claims, absent any specific factual information regarding a constitutional injury to Plaintiff himself, are insufficient to state a cognizable civil rights claim. Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). As Plaintiff's Complaint fails to state a claim upon which relief may be granted under *Bivens*, it would be recommended for dismissal, even had Plaintiff named a defendant amenable to suit. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, it is noted that the Complaint seeks the "immediate passage" of a federal law to protect the general population from the use of electronic weapons. While a federal court can review the constitutionality of a state or federal statute, the court may not encroach on the domain of the legislature by writing such a law. *See Legend Night Club v. Miller*, - - - F.3d - - - -, No. 09-1549, 2011 WL 541136 at *7 (4th Cir. Feb. 17, 2011). To do so would violate the "'concept of separation of powers,' [which] is exemplified by 'the very structure of the Constitution.'" *McMellon v. United States*, 387 F.3d 329, 341 (4th Cir. 2004)(citing *Miller v. French*, 530 U.S. 327, 341 (2000)).

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.


April   18, 2011                                              s/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).